IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEXANDER LIRA, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-02610 |
| § | |
| LOWE'S HOME CENTERS, LLC and § | |
| LOWE'S COMPANIES, INC., § | |
|     Defendants. § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Lowe's Home Centers, LLC and Lowe's Companies, Inc. ("Lowe's") in the cause styled "*Alexander Lira v. Lowe's Home Centers, LLC and Lowe's Companies, Inc.,*" originally pending as Cause No. 2022-39306 in the 11th Judicial District Court of Harris County, Texas, files this Notice of Removal of the cause to the United States District Court for the Southern District of Texas, Houston Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because there is complete diversity of citizenship between the parties. Furthermore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

"Lowes Companies, Inc." is a non-existent entity and, therefore, not a citizen of the State of Texas or of any state. Real Party in Interest, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina. with its principal place of business in Mooresville, North Carolina.  Lowe's Home Centers, LLC is a wholly owned subsidiary of its sole member, Lowe's Companies, Inc., a publicly traded North Carolina corporation with its principal place of business also in Mooresville, North Carolina.  Neither Lowe's Home Centers, LLC nor Lowe's Companies, Inc. has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.  Therefore, Lowe's Home Centers, LLC (incorrectly identified as "Lowes Companies, Inc.") is a citizen of the State of North Carolina because its sole member (Lowe's Companies, Inc.) is a citizen of the State of North Carolina.[1]

## III.
## FACTUAL BACKGROUND

Plaintiff claims that on or about March 12, 2021, while in the course and scope of his employment with Lowe's, he injured his back while picking up a box off the floor that was left by customers.[2] Plaintiff filed suit on June 30, 2022, in the 11th Judicial District Court of Harris County, Texas, alleging causes of action for negligence against Lowe's.[3]

---

[1] *See Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.")).

[2] *See* Pl.'s Orig. Pet., attached hereto as **Exhibit 1**, at ¶V.

[3] *See generally, id.* (Ex. 1).

## IV.
## AMOUNT IN CONTROVERSY

Plaintiff judicially admits in his Original Petition that he is seeking "monetary relief of more than $1,000,000."[4] Specifically, Plaintiff seeks damages for emotional/mental damages, medical expenses and consequential damages.[5] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[6]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[7] Lowe's first became aware this case was removable on or about July 8, 2022, when Lowe's was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Lowe's of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on June 30, 2022.[8]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

---

[4] *See id.*, at p. 2, ¶ 5 (Ex. 1).

[5] *See id.*, at p. 9, ¶ 19 (Ex. 1).

[6] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[7] *See* 28 U.S.C. § 1446(b).

[8] *See* 28 U.S.C. § 1446(c)(1).

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 11th Judicial District Court of Harris County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81, the following documents are attached hereto for the Court's reference:

(1) Plaintiff's Original Petition (filed June 30, 2022);

(2) State court docket sheet (as of August 4, 2022);

(3) Defendant's Original Answer (filed July 28, 2022);

(4) Plaintiff's First Amended Petition (filed August 3, 2022);

(5) Lowe's Home Centers, LLC's Original Answer (filed August 3, 2022); and

(6) List of All Counsel of Record.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Victoria Tuhovak**
State Bar No. 24120407
vtuhovak@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)

- 5 -

(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
LOWE'S COMPANIES, INC.**

**CERTIFICATE OF SERVICE**

I certify that this document was served on all counsel of record in accordance with and pursuant to the Federal Rules of Civil Procedure on August 4, 2022.

*/s/* Donna C. Peavler
**Donna C. Peavler**