# EXHIBIT 1

**Exhibit 1**

```
                                              Receipt Number: 930004
                                              Tracking Number: 74022237
EML
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 202239306

| PLAINTIFF: LIRA, ALEXANDER | In the 011th Judicial |
| vs. | District Court of |
| DEFENDANT: LOWES COMPANIES INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: LOWES COMPANIES INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A/ CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 E 9TH STREET SUITE 1300

AUSTIN TX 78701

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 30, 2022, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 30, 2022.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: LISA THOMAS

Issued at request of:
RODRIGUEZ, MARIO ALBERTO
1111 W. NOLANA BLVD.
MCALLEN, TX 78504
(956) 971-0067
Bar Number: 00784866

Tracking Number: 74022237
EML

CAUSE NUMBER: 202239306

| | |
|---|---|
| PLAINTIFF: LIRA, ALEXANDER | In the 011th |
| vs. | Judicial District Court |
| DEFENDANT: LOWES COMPANIES INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____        _____

_____ of _____

County, Texas

_____    By: _____
        Affiant                          Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
        Notary Public

6/30/2022 9:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65916079
By: Lisa Thomas
Filed: 6/30/2022 9:08 AM

CAUSE NO.: _____

| | | |
|---|---|---|
| **ALEXANDER LIRA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **LOWE'S COMPANIES, INC.** | § | |
| **Defendant** | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, ALEXANDER LIRA, Plaintiff, and files this his Original Petition, complaining of LOWE'S COMPANIES, INC., Defendant, and for cause of action, states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under **Level 2.**

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Petition.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

3. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires the Plaintiff* to provide a statement regarding the amount

of monetary relief sought. Accordingly, Plaintiff states that only monetary relief of more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or an amount to be determined by the jury, is being sought. Plaintiff reserves the right to adjust this amount as time progresses and the full nature and scope of Plaintiff's damages is determined.

## PARTIES

4. Plaintiff is an individual residing in Harris County, Texas having an address at 5302 Mulford Street, Houston, Texas 77023.

5. Defendant is a business which does business in Harris County, Texas under the business name Lowe's Companies Inc. It may be served with process by serving it at its listed Registered Agent's address:

> **Lowe's Companies, Inc.**
> Registered Agent – Corporation Service Company d/b/a
> Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3218

## CORRECT NAME

6. To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, that Defendants answer in correct legal and assumed names.

## VENUE AND JURISDICTION

7. Venue is proper in this Court by virtue of sections 15.001 et. seq. of the Texas Civil Practice & Remedies Code, because the cause of action which is the basis of this case

arose in whole or in part in this county, and/or Defendant's residence or principal office
is in this county. This Court has jurisdiction because Plaintiffs' damages are within the
jurisdictional limits of this Court.

## FACTS

### Facts and Liabilities

8.  Plaintiff was an employee for Defendant at its store #1128 which is located at 1000
Gulfgate Center Mall, Houston, Texas 77987. Plaintiff was working for Defendant on the
day Plaintiff was injured. When Defendant hired Plaintiff, Defendant was aware that
Plaintiff required certain accommodations as Plaintiff was born with a disformed right arm
that limited his ability to lift and carry certain items.

9.  In the early morning of March 12, 2021, while on the clock for Defendant, Plaintiff
was picking up items left by customers from the day before. As Plaintiff was recovering
such items from Aisle 14, he noticed a box which had been left on the floor. Plaintiff
walked up to the box to lift it. Immediately upon bending down and lifting the box,
Plaintiff felt strong pain radiating through his right leg and to his back. The pain was so
great, that he could not get back up. He immediately reported the incident to his
Manager, David, as he called on his zebra-walkie-talkie requesting assistance. A few
minutes later David and another Manager, Tammy, arrived. Tammy instructed David to
assist Plaintiff and get him back on his feet. Upon lifting Plaintiff, Plaintiff felt much more
pain; Plaintiff fell back down. After a little while, David helped Plaintiff sit on a beam that
was next to Plaintiff. Tammy then, instead of taking Plaintiff to the hospital, directed
David to take Plaintiff on a scooter to Plaintiff's vehicle so he could go home and rest.
Plaintiff drove home with much pain. All day and night, Plaintiff was in much pain.

10.   The following day, March 13, 2021, Plaintiff was scheduled to work but Plaintiff was

in even worse pain.  He called Defendant and advised them that he was in excruciating

pain and that he needed urgent medical care. Plaintiff advised Defendant that he was not

going to go to work that day, as he was incapable of working. That morning, Plaintiff was

taken to the Emergency Room at Memorial Hermann Hospital.  The Doctor prescribed

pain medication and took the Plaintiff off work. Thereafter, Plaintiff was prescribed

physical therapy and returned to work under work restrictions. Because of his injury and

constant pain, Plaintiff worked less and became depressed as he could not meet his

financial, social, and marital obligations. That depression and stress grew and caused

Plaintiff's health to spiral downwards. The stress was so great that Plaintiff had a stroke

and a heart attack.  This left him with brain damage to the point that he cannot remember

even his house (which he has lived at for 27 years).  At times he is in a vegetative state

and now requires his wife to bathe him, dress him, feed him, and take constant care of

him 24/7.

11.   Defendant failed to provide proper equipment, help, assistance, and training to

prevent injury to Plaintiff.

### CAUSES OF ACTION

### NEGLIGENCE

12.   Upon information and belief, Defendant is a non-subscriber to the Texas

Workers Compensation Act.  Thus, Defendant is deprived of the common law defenses

of contributory negligence, assumed risk, and fellow-servant rule. See Texas Labor

Code Sec. 406.033(a).

13.  On the basis of this lawsuit, Defendant was guilty of certain acts, wrongs and/or omissions, each and all amounting to negligence. Said acts, wrongs and/or omissions, each and all were the cause of Plaintiff's injuries, and include, but are not limited to the following:

      a.  Lack of employee training when lifting heavy items.

      b.  Failure to provide assistance to Plaintiff as Defendant was aware of Plaintiff's deformed and disabled right arm.

      c.  Failure to provide forklifts or duct lifts to lift equipment instead of having Plaintiff lift such items.

      d.  Failure to provide dollies or hand trucks to move the boxes instead of having employees lift such.

      e.  Failure to provide suction devices or other accessories that can create temporary handles to help in the lifting.

      f.  Failure to act as a reasonably prudent employer would or should under the same or similar circumstances.

14.  Defendant knew, or should have known, that an occasion might arise as did with Plaintiff. Defendant knew, or should have known, that Plaintiff was not trained sufficiently, and/or required assistance for different tasks. Defendant failed to adequately train Plaintiff and provide the help he required. Had Defendant adequately trained or assisted Plaintiff as required, he would not have been injured.

## WORKERS' COMPENSATION INSURANCE

15.  Plaintiff has been advised by the Texas Department of Insurance that on the day of the accident which formed the basis of this lawsuit, Defendant was a non-subscriber as per the Texas Workers' Compensation Act. Thus, this lawsuit is permissible.

## SPOLIATION

16.  Defendant is hereby put on notice of the obligation to preserve all evidence related to Plaintiff's injuries, the cause of those injuries and evidence relating to the accident. Under Texas Law, the destruction, alteration, or loss of any of the below constitutes a spoliation of evidence. Plaintiff specifically requests the following evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner.

1.  All reports relating to the incident involving Plaintiff on or about March 12, 2021.

2.  All reports relating to any other incident relating to the use of the same product, used by our client for a period of one (1) year before the Accident.

3.  Photographs, video, computer generated media or other recordings of the area immediately surrounding the Accident, about the Accident itself or the source which caused the Accident.

4.  Any post-Accident maintenance, inspection or repair records or invoices regarding or related to the Accident.

5.  Any e-mails, electronic messages, letters, memos or other documents concerning this Accident.

6.  Any manuals, guidelines, rules or regulations given to employees present at the location of the accident, on the day of the Accident.

7.  Any reports, memos, notes, logs or other documents evidencing complaints about the product similar to the one which caused the Accident.

8.  Any and all computer, electronic, or e-mail messages of any type created immediately after the Accident, by and between Plaintiff and Defendant, it's employees and any agents or third parties, as well as any computer messages which relate to this particular accident, whether generated or received by Defendant or Defendant's agents.

9. Any telephone calls recorded between Plaintiff and Defendant, its employees and any agents or third parties on January 29, 2020, or any other day.

## PROXIMATE CAUSATION

17. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence/negligence per se, which proximately caused the above-referenced occurrence and Plaintiff's damages.

## TEXAS REMEDIES ONLY

18. Although Plaintiff may have claims under Federal Law, Plaintiff sues exclusively for and under Texas remedies and seeks redress only under Texas laws and jurisdiction.

## DAMAGES

19. As a result of Defendant's actions, Plaintiff has suffered emotional/mental damages, in an amount yet to be determined.

20. Plaintiff has suffered injuries and incurred medical expenses.

21. Plaintiff has also suffered consequential damages and now seeks compensation for all such damages.

## CONDITIONS PRECEDENT

22. All conditions, if any, precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## RULE 193.7 STATEMENT OF AUTHENTICATION

23. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, notice is hereby given to Defendant that any and all documents produced by Defendant may be used

against her at any pretrial proceeding and/or at the trial of this matter without the
necessity of authenticating the documents.

### RELIEF SOUGHT

24.    Plaintiff requests that Defendant be cited to appear and answer, and that this case
be tried, after which Plaintiff recover:

i. Judgment against Defendant for a sum within the jurisdictional limits of this Court
for the damages indicated above;

ii. Pre-judgment and post-judgment interest at the maximum amount allowed by
law;

iii. Costs of suit; and

iv. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Mario Rodriguez
The Rodriguez Law Firm, PC
SBN: 00784866
1111 W. Nolana Blvd.
McAllen, Texas 78504
(956) 971-0067 PH.
(956) 971-0069 FAX
Mario@RodriguezLawFirmPC.com
Anabel@RodriguezLawFirmPC.com
ARNY@RodriguezLawFirmPC.com
Carmen@RodriguezLawFirmPC.com

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT 2

**Exhibit 2**

**Chronological Case History**

| Style | LIRA, ALEXANDER vs. LOWES COMPANIES INC | | | | |
|---|---|---|---|---|---|
| **Case Number** | 202239306 | **Case Status** | Active - Civil | **Case Type** | PERSONAL INJ (NON-AUTO) |
| **File Court** | 011 | **File Date** | 6/30/2022 | **Next Setting** | N/A |

| Date | Type | Description |
|---|---|---|
| 6/30/2022 | ACTIVITY | JURY DEMAND MADE (TRCP 216) **COURT:** 011 |
| 6/30/2022 | DOCUMENT | ORIGINAL PETITION **COURT:** 011 **ATTORNEY:** RODRIGUEZ, MARIO ALBERTO **PERSON FILING:** LIRA, ALEXANDER |
| 7/8/2022 | SERVICE | **PERSON SERVED:** LOWES COMPANIES INC BY SERVING ITS REGISTERED AGENT CORPORATIONSERVICE COMPANY D/B/A/ CSC-LAWYERS INCORPORATING SERVICE COMPANY **SERVICE TYPE:** CITATION **INSTRUMENT:** SEVERANCE ORDER |
| 7/28/2022 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 011 **ATTORNEY:** PEAVLER, DONNA C. **PERSON FILING:** LOWES COMPANIES INC |
| 8/3/2022 | DOCUMENT | FIRST AMENDED ORIGINAL PETITION **COURT:** 011 **ATTORNEY:** RODRIGUEZ, MARIO ALBERTO **PERSON FILING:** LIRA, ALEXANDER |

# EXHIBIT 3

**Exhibit 3**

7/28/2022 9:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66748333
By: Lewis John-Miller
Filed: 7/28/2022 9:10 AM

CAUSE NO. 202239306

| | | |
|---|---|---|
| ALEXANDER LIRA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| | § | |
| LOWE'S COMPANIES, INC., | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER

---

**COMES NOW** Defendant Lowe's Companies, Inc., (hereafter, "Defendant" or "Lowe's") and files its Original Answer to Plaintiff's Original Petition (and any amendment or supplement thereto). In support thereof, Defendant respectfully shows the Court the following:

### I.
### <u>VERIFIED DENIAL</u>

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from "Lowes Companies, Inc." in the capacity in which it has been sued. Defendant denies that "Lowes Companies, Inc." was in any way involved in the events giving rise to this action and further denies that it employed Plaintiff or any other person(s) involved in the alleged incident. Consequently, Plaintiff has no right or potential right of recovery against "Lowes Companies, Inc." because the proper party has not been sued. *See, e.g., Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995). The proper party, if any, is Lowe's Home Centers, LLC.

**II.**

**GENERAL DENIAL**

2.      Defendant denies each and every material allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, demands strict proof thereof, and, to the extent that such matters are questions of fact, says Plaintiff must prove such facts by a preponderance of the evidence, if he can so do.

**III.**

**DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

3.      Defendant specifically denies Plaintiff's claims that it was negligent, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages, if any.

4.      Defendant asserts that Plaintiff may have failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, and that such negligence, if any, <u>solely</u> produced and proximately caused Plaintiff's alleged damages, if any.

5.      Defendant asserts that Plaintiff's alleged damages, if any, may have been caused by the acts of third persons or circumstances not under the control of Defendant. Such acts or omissions of said third persons and/or such circumstances may have been the sole, producing, proximate, intervening and/or supervening cause of Plaintiff's damages or injuries, if any.

6.      Defendant asserts any inherent dangers and risks associated with lifting were commonly known, open and obvious, and/or actually known to Plaintiff prior to the incident and, therefore, Defendant had no duty to warn or protect Plaintiff against such risks.

7.      Defendant asserts that Plaintiff was performing the same character of work that he and employees in his position have always done, and there is no evidence the work was unusually precarious or hazardous, inherently dangerous or unusual. Thus, Defendant breached no duty by requiring Plaintiff to perform the work at issue.

8.      Defendant asserts that it owed Plaintiff no duty to warn, train, or provide additional training, tools, equipment and/or assistance, because the task Plaintiff was performing did not require special training,  tools, equipment, and/or assistance, and further the risks associated with it are/were commonly known in the industry and/or actually known by Plaintiff prior to the incident in question.

9.      In the alternative, Defendant would show that the accident complained of was an unavoidable accident as that term is known in law, not caused by the negligence of any party.

10.     Plaintiff's damages, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

11.     Plaintiff may have breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of his damages, if any. This may include failing to present available health insurance information to medical providers to take advantage of contractual write-offs and adjustments available under such health-insurance plans.

12.     Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of his alleged injuries to inflate the amount of his alleged damages. Further, to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of

his alleged injuries by continuing treatment to increase the amount of his medical expenses, Defendant contends that said extended treatment is not medically necessary or reasonable.

13.      Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and must be reasonable, and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

14.      Defendant contends that, pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity, and loss of contributions of pecuniary value, evidence of these alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

15.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

16.      In the unlikely event an adverse judgment is rendered against it, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

17.      Defendant asserts that it is further entitled to a credit or offset against any judgment that may be rendered against it for any and all amounts paid to or on behalf of Plaintiff under any of Defendant's benefit or insurance programs, including, but not limited to, the Lowe's Occupational Injury Benefit Plan.

**IV.**
**COURT REPORTER REQUESTED**

18.     Defendant respectfully requests that a court reporter be present at all proceedings before the Court.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Lowe's Companies, Inc., respectfully prays that Plaintiff take nothing by this cause of action; that Defendant be permitted to recover the costs and fees expended on its behalf; and for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ Donna C. Peavler

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Victoria Tuhovak**
State Bar No. 24120407
vtuhovak@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**
**LOWE'S COMPANIES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on July 28, 2022.

/s/ Donna C. Peavler

Donna C. Peavler

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Donna C. Peavler, who, upon her oath deposes and says that she is one of the attorneys of record for Defendant; that she has never been convicted of a felony or disqualifying crime; that she is over the age of 18 and competent to make this verification. Accordingly, she verifies that the facts alleged in Section I. of the foregoing pleading are within her personal knowledge and true and correct.



Donna C. Peavler

Subscribed and sworn to before me on this 28th day of July, 2022.

JANIE CARDWELL KARRINGTON
Notary ID #130146028
My Commission Expires
May 28, 2024

NOTARY PUBLIC in and for the State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandy Dixon on behalf of Donna Peavler
Bar No. 783887
sdixon@peavlerbriscoe.com
Envelope ID: 66748333
Status as of 7/28/2022 9:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 7/28/2022 9:10:25 AM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 7/28/2022 9:10:25 AM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 7/28/2022 9:10:25 AM | SENT |
| Victoria Tuhovak | | vtuhovak@peavlerbriscoe.com | 7/28/2022 9:10:25 AM | SENT |
| Mario Rodriguez | | Mario@RodriguezLawFirmPC.com | 7/28/2022 9:10:25 AM | SENT |

# EXHIBIT 4

**Exhibit 4**

8/3/2022 10:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66920276
By: Anais Aguirre
Filed: 8/3/2022 10:42 AM

### CAUSE NO.: 202239306

| | | |
|---|---|---|
| **ALEXANDER LIRA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | **11ᵗʰ JUDICIAL DISTRICT** |
| **LOWE'S HOME CENTERS, LLC and** | § | |
| **LOWE'S COMPANIES, INC.** | § | |
| **Defendants** | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, ALEXANDER LIRA, Plaintiff, and files this his First Amended Petition, complaining of LOWE'S HOME CENTERS, LLC., and LOWE'S COMPANIES, INC., Defendants. For cause of action, Plaintiff states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under **Level 2.**

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Petition.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

3. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil

Procedure, however, *requires the Plaintiff* to provide a statement regarding the amount of monetary relief sought.  Accordingly, Plaintiff states that only monetary relief of more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or an amount to be determined by the jury, is being sought.   Plaintiff reserves the right to adjust this amount as time progresses and the full nature and scope of Plaintiff's damages is determined.

## PARTIES

4.   Plaintiff is an individual residing in Harris County, Texas having an address at 5302 Mulford Street, Houston, Texas 77023.

5.  Defendant Lowe's Companies, Inc. is a business which does business in Harris County, Texas. It has been served and has answered.

6.  Defendant Lowe's Home Centers, LLC is a business which does business in Harris County, Texas.  It may be served with process by serving its Legal Counsel at:

> **Lowe's Home Centers, LLC**
> Legal Counsel – Peavler Briscoe
>  Donna C. Peavler, Esq.
> 2215 Westgate Plaza
> Grapevine, Texas 76051
> dpeavler@peavlerbriscoe.com

## CORRECT NAME

7.      To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, that Defendants answer in correct legal and assumed names.

## VENUE AND JURISDICTION

8.   Venue is proper in this Court by virtue of sections 15.001 et. seq. of the Texas Civil

Practice & Remedies Code, because the cause of action which is the basis of this case

arose in whole or in part in this county, and/or Defendant's residence or principal office

is in this county.   This Court has jurisdiction because Plaintiffs' damages are within the

jurisdictional limits of this Court.

## FACTS

9.   Plaintiff was an employee for Defendant Lowe's Home Centers, LLC at its store

#1128 which is located at 1000 Gulf gate Center Mall, Houston, Texas 77987.  Plaintiff

was working for Defendant Lowe's Home Centers, LLC on the day Plaintiff was injured.

When Defendant Lowe's Home Centers, LLC hired Plaintiff, Defendant Lowe's Home

Centers, LLC was aware that Plaintiff required certain accommodations as Plaintiff was

born with a disformed right arm that limited his ability to lift and carry certain items.

10.   In the early morning of March 12, 2021, while on the clock for Defendant Lowe's

Home Centers, LLC, Plaintiff was picking up items left by customers from the day before.

As Plaintiff was recovering such items from Aisle 14, he noticed a box which had been

left on the floor. Plaintiff walked up to the box to lift it.  Immediately upon bending down

and lifting the box, Plaintiff felt strong pain radiating through his right leg and to his back.

The pain was so great, that he could not get back up. He immediately reported the

incident to his Manager, David, as he called on his zebra walkie-talkie requesting

assistance. A few minutes later David and another Manager, Tammy, arrived.  Tammy

instructed David to assist Plaintiff and get him back on his feet. Upon lifting Plaintiff,

Plaintiff felt much more pain; Plaintiff fell back down. After a little while, David helped

Plaintiff sit on a beam that was next to Plaintiff.  Tammy then, instead of taking Plaintiff to the hospital, directed David to take Plaintiff on a scooter to Plaintiff's vehicle so he could go home and rest.  Plaintiff drove home with much pain.  All day and night, Plaintiff was in much pain.

11.   The following day, March 13, 2021, Plaintiff was scheduled to work but Plaintiff was in even worse pain.  He called Defendant Lowe's Home Centers, LLC and advised them that he was in excruciating pain and that he needed urgent medical care. Plaintiff advised Defendant Lowe's Home Centers, LLC that he was not going to go to work that day, as he was incapable of working. That morning, Plaintiff was taken to the Emergency Room at Memorial Hermann Hospital.  The Doctor prescribed pain medication and took the Plaintiff off work. Thereafter, Plaintiff was prescribed physical therapy and returned to work under work restrictions. Because of his injury and constant pain, Plaintiff worked less and became depressed as he could not meet his financial, social, and marital obligations. That depression and stress grew and caused Plaintiff's health to spiral downwards. The stress was so great that Plaintiff had a stroke and a heart attack.  This left him with brain damage to the point that he cannot remember even his house (which he has lived at for 27 years).  At times he is in a vegetative state and now requires his wife to bathe him, dress him, feed him, and take constant care of him 24/7.

12.   Defendant Lowe's Home Centers, LLC failed to provide proper equipment, help, assistance, and training to prevent injury to Plaintiff.

## CAUSES OF ACTION - NEGLIGENCE

13.     Upon information and belief, Defendant Lowe's Home Centers, LLC is a non-subscriber to the Texas Workers Compensation Act.  Thus, Defendant Lowe's Home

Centers, LLC is deprived of the common law defenses of contributory negligence, assumed risk, and fellow-servant rule.  See Texas Labor Code Sec. 406.033(a).  On the basis of this lawsuit, Defendant Lowe's Home Centers, LLC was guilty of certain acts, wrongs and/or omissions, each and all amounting to negligence. Said acts, wrongs and/or omissions, each and all were the cause of Plaintiff's injuries, and include, but are not limited to the following:

   a.  Lack of employee training when lifting heavy items.
   b.  Failure to provide assistance to Plaintiff as Defendant was aware of Plaintiff's deformed and disabled right arm.
   c.  Failure to provide forklifts or duct lifts to lift equipment instead of having Plaintiff lift such items.
   d.  Failure to provide dollies or hand trucks to move the boxes instead of having employees lift such.
   e.  Failure to provide suction devices or other accessories that can create temporary handles to help in the lifting.
   f.  Failure to act as a reasonably prudent employer would or should under the same or similar circumstances.

14.    Defendant Lowe's Home Centers, LLC knew, or should have known, that an occasion might arise as did with Plaintiff.  Defendant Lowe's Home Centers, LLC knew, or should have known, that Plaintiff was not trained sufficiently, and/or required assistance for different tasks. Defendant Lowe's Home Centers, LLC failed to adequately train Plaintiff and provide the help he required. Had Defendant Lowe's Home Centers, LLC adequately trained or assisted Plaintiff as required, he would not have been injured.

## WORKERS' COMPENSATION INSURANCE

15.   Plaintiff has been advised by the Texas Department of Insurance that on the day of the accident which formed the basis of this lawsuit, Defendant Lowe's Home Centers, LLC was a non-subscriber as per the Texas Workers' Compensation Act. Thus, this lawsuit is permissible.

## SPOLIATION

16.   Defendant Lowe's Home Centers, LLC is hereby put on notice of the obligation to preserve all evidence

related to Plaintiff's injuries, the cause of those injuries and evidence relating to the accident. Under Texas Law, the destruction, alteration, or loss of any of the below constitutes a spoliation of evidence. Plaintiff specifically requests the following evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner.

1. All reports relating to the incident involving Plaintiff on or about March 12, 2021.

2. All reports relating to any other incident relating to the use of the same product, used by our client for a period of one (1) year before the Accident.

3. Photographs, video, computer generated media or other recordings of the area immediately surrounding the Accident, about the Accident itself or the source which caused the Accident.

4. Any post-Accident maintenance, inspection or repair records or invoices regarding or related to the Accident.

5. Any e-mails, electronic messages, letters, memos or other documents concerning this Accident.

6. Any manuals, guidelines, rules or regulations given to employees present at the location of the accident, on the day of the Accident.

7.  Any reports, memos, notes, logs or other documents evidencing complaints about the product similar to the one which caused the Accident.

8.  Any and all computer, electronic, or e-mail messages of any type created immediately after the Accident, by and between Plaintiff and Defendant, it's employees and any agents or third parties, as well as any computer messages which relate to this particular accident, whether generated or received by Defendant or Defendant's agents.

9.  Any telephone calls recorded between Plaintiff and Defendant, its employees and any agents or third parties on March 12, 2021, or any other day.

## PROXIMATE CAUSATION

17.  Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence/negligence per se, which proximately caused the above-referenced occurrence and Plaintiff's damages.

## TEXAS REMEDIES ONLY

18.  Although Plaintiff may have claims under Federal Law, Plaintiff sues exclusively for and under Texas remedies and seeks redress only under Texas laws and jurisdiction.

## DAMAGES

19.  As a result of Defendant's actions, Plaintiff has suffered emotional/mental damages, in an amount yet to be determined.

20.  Plaintiff has suffered injuries and incurred medical expenses.

21.   Plaintiff has also suffered consequential damages and now seeks compensation for all such damages.

## **CONDITIONS PRECEDENT**

22.   All conditions, if any, precedent to Plaintiff's right to recover the relief sought herein

have occurred or have been performed.

## **RULE 193.7 STATEMENT OF AUTHENTICATION**

23.   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, notice is hereby

given to Defendant Lowe's Home Centers, LLC that any and all documents produced by

Defendant may be used against her at any pretrial proceeding and/or at the trial of this

matter without the necessity of authenticating the documents.

## **RELIEF SOUGHT**

Plaintiff requests that Defendant Lowe's Home Centers, LLC be cited to appear and

answer, and that this case be tried, after which Plaintiff recover:

    i. Judgment against Defendants for a sum within the jurisdictional limits of this
       Court for the damages indicated above;

    ii. Pre-judgment and post-judgment interest at the maximum amount allowed by
       law;

    iii. Costs of suit; and

    iv. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

S/_____
Mario Rodriguez
The Rodriguez Law Firm, PC
SBN: 00784866

1111 W. Nolana Blvd.
McAllen, Texas  78504
(956) 971-0067 PH.
(956) 971-0069 FAX
Mario@RodriguezLawFirmPC.com
Anabel@RodriguezLawFirmPC.com
ARNY@RodriguezLawFirmPC.com
Carmen@RodriguezLawFirmPC.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this the 3rd day of August, 2022, I served a

copy of the foregoing document to the following parties and counsel of record in

accordance with the Texas Rules of Civil Procedure:

> Donna C. Peavler – Peavler Briscoe
> 2215 Westgate Plaza
> Grapevine, Teas 76051
> dpeavler@peavlerbriscoe.com


_____/S/_____
Mario A. Rodriguez

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mario Rodriguez
Bar No. 00784866
legalag@aol.com
Envelope ID: 66920276
Status as of 8/3/2022 11:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 8/3/2022 10:42:32 AM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 8/3/2022 10:42:32 AM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 8/3/2022 10:42:32 AM | SENT |
| Victoria Tuhovak | | vtuhovak@peavlerbriscoe.com | 8/3/2022 10:42:32 AM | SENT |
| Mario Rodriguez | | Mario@RodriguezLawFirmPC.com | 8/3/2022 10:42:32 AM | SENT |

# EXHIBIT 5

**Exhibit 5**

8/3/2022 4:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66946173
By: Anais Aguirre
Filed: 8/3/2022 4:39 PM

CAUSE NO. 202239306

| | | |
|---|---|---|
| ALEXANDER LIRA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| | § | |
| LOWE'S HOME CENTERS, LLC and | § | |
| LOWE'S COMPANIES, INC., | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

---

**LOWE'S HOME CENTERS, LLC'S ORIGINAL ANSWER**

---

**COMES NOW** Defendant Lowe's Home Centers, LLC (hereafter, "Defendant" or "Lowe's") and files its Answer to Plaintiff's First Amended Petition (and any amendment or supplement thereto). In support thereof, Defendant respectfully shows the Court the following:

**I.**
**VERIFIED DENIAL**

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from "Lowes Companies, Inc." in the capacity in which it has been sued. Defendant denies that "Lowes Companies, Inc." was in any way involved in the events giving rise to this action and further denies that it employed Plaintiff or any other person(s) involved in the alleged incident. Consequently, Plaintiff has no right or potential right of recovery against "Lowes Companies, Inc." because the proper party has not been sued. *See, e.g., Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995). The proper party, if any, is Lowe's Home Centers, LLC.

**II.**

**GENERAL DENIAL**

2.      Defendant denies each and every material allegation contained in Plaintiff's First Amended Petition and any amendment or supplement thereto, demands strict proof thereof, and, to the extent that such matters are questions of fact, says Plaintiff must prove such facts by a preponderance of the evidence, if he can so do.

**III.**

**DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

3.      Defendant specifically denies Plaintiff's claims that it or any Lowe's defendant was negligent, and Defendant denies that its or any  Lowe's defendant's alleged acts or omissions proximately caused Plaintiff's alleged damages, if any.

4.      Defendant asserts that Plaintiff may have failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, and that such negligence, if any, <u>solely</u> produced and proximately caused Plaintiff's alleged damages, if any.

5.      Defendant asserts that Plaintiff's alleged damages, if any, may have been caused by the acts of third persons or circumstances not under the control of Defendants. Such acts or omissions of said third persons and/or such circumstances may have been the sole, producing, proximate, intervening and/or supervening cause of Plaintiff's damages or injuries, if any.

6.      Defendant asserts that any inherent dangers and risks associated with lifting were commonly known, open and obvious, and/or actually known to Plaintiff prior to the incident and, therefore, Defendant had no duty to warn or protect Plaintiff against such risks.

7.      Defendant asserts that Plaintiff was performing the same character of work that he and employees in his position have always done, and there is no evidence the work was unusually precarious or hazardous, inherently dangerous or unusual. Thus, Defendant breached no duty by requiring Plaintiff to perform the work at issue.

8.      Defendant asserts that they owed Plaintiff no duty to warn, train, or provide additional training, tools, equipment and/or assistance, because the task Plaintiff was performing did not require special training, tools, equipment, and/or assistance, (or, alternatively, that he already had sufficient training and/or experience such that he needed no further training), and further the risks associated with it are/were commonly known in the industry and/or actually known by Plaintiff prior to the incident in question.

9.      In the alternative, Defendant would show that the incident complained of was an unavoidable accident as that term is known in law, not caused by the negligence of any party.

10.     Plaintiff's damages, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

11.     Plaintiff may have breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of his damages, if any. This may include failing to present available health insurance information to medical providers to take advantage of contractual write-offs and adjustments available under such health-insurance plans.

12.     Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of his alleged injuries to inflate the amount of his alleged damages. Further,

to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of his alleged injuries by continuing treatment to increase the amount of his medical expenses, Defendant contends that said extended treatment is not medically necessary or reasonable.

13.     Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and must be reasonable, and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

14.     Defendant contends that, pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity, and loss of contributions of pecuniary value, evidence of these alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

15.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

16.     In the unlikely event an adverse judgment is rendered against it or any other Lowe's defendant, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

17.     Defendant asserts it is further entitled to a credit or offset against any judgment that may be rendered against them for any and all amounts paid to or on behalf of Plaintiff under

any of Defendants' benefit or insurance programs, including, but not limited to, the Lowe's Occupational Injury Benefit Plan.

## IV.
## COURT REPORTER REQUESTED

18.     Defendant respectfully requests that a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lowe's Home Centers, LLC respectfully prays that Plaintiff take nothing by this cause of action; that Defendant be permitted to recover the costs and fees expended on its behalf; and for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Victoria Tuhovak**
State Bar No. 24120407
vtuhovak@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANTS**
**LOWE'S HOME CENTERS, LLC**
**LOWE'S COMPANIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on August 3, 2022.

/s/ Donna C. Peavler

Donna C. Peavler

**STATE OF TEXAS**          §
                           §
**COUNTY OF TARRANT**       §

      Before me, the undersigned authority, did personally appear Donna C. Peavler, who, upon her oath deposes and says that she is one of the attorneys of record for Defendant; that she has never been convicted of a felony or disqualifying crime; that she is over the age of 18 and competent to make this verification.  Accordingly, she verifies that the facts alleged in Section I. of the foregoing pleading are within her personal knowledge and true and correct.

_____

Donna C. Peavler

Subscribed and sworn to before me on this \_\_\_ day of August \_\_\_, 2022.

_____

NOTARY PUBLIC in and for the State of Texas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Remi DiMarco on behalf of Donna Peavler
Bar No. 783887
rdimarco@peavlerbriscoe.com
Envelope ID: 66946173
Status as of 8/3/2022 4:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 8/3/2022 4:39:49 PM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 8/3/2022 4:39:49 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 8/3/2022 4:39:49 PM | SENT |
| Victoria Tuhovak | | vtuhovak@peavlerbriscoe.com | 8/3/2022 4:39:49 PM | SENT |
| Mario Rodriguez | | Mario@RodriguezLawFirmPC.com | 8/3/2022 4:39:49 PM | SENT |
| Remigio DiMarco | | RDimarco@PeavlerBriscoe.com | 8/3/2022 4:39:49 PM | SENT |

# EXHIBIT 6

**Exhibit 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER LIRA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-02610 |
| | § | |
| LOWE'S HOME CENTERS, LLC and | § | |
| LOWE'S COMPANIES, INC., | § | |
| Defendants. | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

**Counsel for Plaintiff Alexander Lira**

**Mario Rodriguez**
State Bar No. 00784866
mario@rodriguezlawfirmpc.com
**The Rodriguez Law Firm, PC**
1111 W. Nolana Blvd.
McAllen, Texas 78504
956-971-0067 – Telephone
956-971-0069 – Telecopier

**Counsel for Defendants Lowe's Home Centers, LLC and
Lowe's Companies, Inc.**

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Victoria Tuhovak**
State Bar No. 24120407
vtuhovak@peavlerbriscoe.com
PEAVLER|BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)